## In re Animal Humane Society of Pennsylvania

*H. Lester Haws*, for petitioners.

KNIGHT, P. J., September 9, 1938.—In this case, as we see it, we have but one question to decide, namely: Whether the proposed corporation will be injurious to the public welfare?

The application seems to be in proper form, and to conform with all the formal requirements of the Nonprofit Corporation Law of May 5, 1933, P. L. 289. As we see it, the necessity for the intended corporation is not for us, except as it bears upon the general question of whether the intended corporation will be injurious to the community. No complaint can be made of the purposes of the desired organization, for surely the protection of dumb animals is a worthy and laudable purpose.

We deem the proposed organization entirely unnecessary, for we are convinced by the evidence that the existing organizations operating in Lower Merion Township are equipped and able, in connection with an efficient police force, to protect animals from cruelty. No case was brought to our attention where any abused or

distressed animal in Lower Merion was not promptly and effectively given relief. After a careful examination of the evidence, we are of the opinion that a grant of this application will not be for the best interests of the animals, and will be harmful rather than helpful to the community.

1. The existing organizations, namely, the Women's S. P. C. A., the Montgomery County S. P. C. A., and the Pennsylvania S. P. C. A., are old established and efficient societies, well equipped and properly managed. They operate in Lower Merion, and fully protect the welfare of animals there. All these societies are maintained by membership dues and public contributions. To add one more such organization would tend to confuse the public and would decrease the revenue of the other societies, which are having a somewhat difficult time to get along as it is.

2. The proposed corporation will be a one-man organization. The application springs from no public demand, but appears to be the idea of one individual, Mr. Peter C. Barr. We do not question the qualifications of Mr. Barr, or the sincerity of his purpose, but as the head of a new organization, he will necessarily be brought into competition with the other organizations, both in the investigation of cases and the collection of funds. This will not work for the best interests of the purposes for which these societies are formed. Mr. Barr can find an outlet for his humane impulses and interest in animals by joining one of the established organizations, or carrying on his work in the manner he is now conducting it as an unofficial agent of the Lower Merion police force. One-man organizations are usually of short duration.

3. These societies under existing law are unique in that they are given police powers and empowered to make arrests and conduct prosecutions. The society shares any fine imposed upon the defendant. In these days of efficient and well-organized public police forces, such as exist in Lower Merion Township, we look with disfavor upon any increase in the number of private agencies invested with

these powers. An individual whose compensation may depend to some extent upon the fines collected is faced with a grave temptation to bring unfounded and unnecessary prosecutions, and with perhaps the help of a cooperating magistrate, oppress the public. This tends to lower the public conception of the administration of justice, and hence is injurious to the community.

For these, as well as other reasons, we deem the grant of this charter inadvisable.

In order that counsel may have an opportunity of obtaining the view of the court in banc, we grant to the applicants 15 days within which to file exceptions to this judgment.

And now, September 9, 1938, the exceptions are sustained, and the application refused.